# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILLS, DAVID RAY,<br>Booking No. 23742613,<br><br>                                    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY MEDICAL DEP'T; ARJIS 6608; CMO DOCTOR PSYCH,<br><br>                                    Defendants. | Case No.: 3:23-cv-02248-WQH-KSC<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1914(a)**<br><br>**[ECF No. 3]** |

HAYES, Judge:

Plaintiff David Ray Mills ("Plaintiff"), currently at the George Bailey Detention Facility ("GBDF"), and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Plaintiff has not paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action; instead, he requests leave to proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

///

I.  MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. §§ 1915(b)(1), (4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84–85.

While Plaintiff has filed a Motion to Proceed IFP, he has not attached a certified copy of his trust account statement for the 6-month period immediately preceding the filing

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. Section 1915(a)(2) requires prisoners "seeking to bring a civil action ... without prepayment of fees ... [to] submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Without these certified trust account statements, the Court is unable to assess the appropriate amount of the initial filing fee which may be statutorily required to initiate the prosecution of Plaintiff's case. *See* 28 U.S.C. § 1915(b)(1).

## II. CONCLUSION

Accordingly, the Court: (1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 3) and **DISMISSES** the action without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a); (2) **GRANTS** Plaintiff forty-five (45) days from the date this Order is filed in which to re-open his case by either: (a) prepaying the entire $405 civil filing and administrative fee in one lump-sum; or (b) filing a renewed Motion to Proceed IFP, which includes a prison certificate, signed by a trust accounting official attesting as to his trust account balances and deposits, and/or a certified copy of his Inmate Statement Report for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b); and (3) **DIRECTS** the Clerk of the Court to mail Plaintiff a blank form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use and convenience.[2]

/ / /

---

[2] Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported Motion to Proceed IFP, his Complaint will be subject to an initial review and may be dismissed sua sponte pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

If Plaintiff neither pays the $405 civil filing fee in full nor sufficiently completes and files a renewed Motion to Proceed IFP together with a certified copy of his 6-month trust account statements within 45 days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

**IT IS SO ORDERED.**

Dated: January 8, 2024

Hon. William Q. Hayes
United States District Court